DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2017-26 |
| | ) | |
| SHAQUIELLE CORREA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ATTORNEYS:

**Joycelyn Hewlett, Acting United States Attorney**
**Anna Alexandrovna Vlasova, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
  *For the United States of America,*

**Jason Gonzalez-Delgado**
Hato Rey, PR
  *For Shaquielle Correa.*

## ORDER

**GÓMEZ, J.**

Before the Court is the application of Shaquielle Correa ("Correa") to waive his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including September 20, 2017.

While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension of time is necessary to provide Correa with additional time to explore plea

negotiations. Second, the defendant made this request with the advice and consent of counsel. Finally, without an extension, the parties would be denied reasonable time necessary to finish reviewing discovery and adequately prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994)(citing *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994)("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial . . . even though a case is not complex")); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1071(1983)(no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992)("district court did not abuse its discretion [by delaying trial] to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense.").

The premises considered; it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through September 20, 2017, shall be

*United States v. Correa*
Criminal No. 2017-26
Order
Page 3

excluded in computing the time within which a trial must be

initiated pursuant to 18 U.S.C. § 3161.

                                                       S\_____
                                                        **Curtis V. Gómez**
                                                        **District Judge**